#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHANIE COX,<br><br>        Plaintiff,<br><br>    v.<br><br>VGW HOLDINGS PTY LIMITED, VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND, INC., VGW GP LIMITED, VGW HOLDINGS, US, INC., and VGW US, INC.<br><br>        Defendants. | Case No. 3:26-cv-00363 |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants VGW Holdings Pty Ltd. f/k/a VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland, Inc., VGW GP Ltd., VGW Holdings US, Inc., and VGW US, Inc. (collectively, "VGW Group"), pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, preserving all defenses, hereby remove this civil action to the United States District Court for the District of Connecticut, from the Superior Court of Connecticut, Judicial District of New Haven.

### BACKGROUND

1. On or about October 15, 2024, Plaintiff Stephanie Cox filed an individual complaint in the Superior Court of Connecticut, Judicial District of Hartford, against VGW Holdings Pty Ltd., VGW Malta Ltd., VGW Luckyland, Inc., and VGW GP Ltd. The matter was captioned *Stephanie Cox v. VGW Holdings Ltd., et al.*, No. HHD-CV24-6193707-S (Conn. Super. Ct.). Plaintiff alleged that she lost $300 playing VGW Group's online casino-themed social games on the *Chumba Casino*, *Luckyland Slots*, and *Global Poker* websites (collectively, the "Games").

2. Plaintiff alleged that the Games are unlawful "gambling" under Connecticut law and asserted individual claims for, among other things, recovery of the $300 she allegedly spent.

3. Plaintiff's counsel subsequently informed VGW Group's counsel that Plaintiff intended to file an amended complaint to assert putative class claims on behalf of other Connecticut residents. On January 9, 2025, the parties agreed to stay VGW Group's deadline to respond to the complaint until 30 days after the amended class action complaint was filed.

4. On or about May 8, 2025, the Superior Court of Connecticut, Judicial District of Hartford, issued a *sua sponte* order finding that venue was improper in the Judicial District of Hartford and directing Plaintiff to file a motion to transfer to another venue by June 9, 2025.

5. On or about June 9, 2025, Plaintiff filed a motion to transfer the action to the Judicial District of New Haven, where she resides, which the court granted on June 26, 2025. Upon transfer to New Haven, the matter was assigned case number NNH-CV24-6157491-S.

6. Plaintiff took no action to prosecute her individual complaint.

7. On or about January 26, 2026, Plaintiff filed a motion for leave to file an amended class action complaint against VGW Group, which, for the first time, asserted putative class claims on behalf of Connecticut residents who spent money playing VGW Group's Games. The Superior Court has yet to rule on Plaintiff's motion for leave to file the amended complaint, but VGW Group has not opposed the motion and, pursuant to Connecticut Practice Book § 10-60(a)(3), the amended class action complaint was deemed filed by consent on February 11, 2026.

8. Plaintiff's putative amended class action complaint alleges that the Games are unlawful "gambling" under Connecticut law. Am. Compl. ¶¶ 94, 101. VGW Group denies that its Games are unlawful. The Games are always free to play and never require the payment of money. *See* Declaration of Caterina Cavallaro in Support of Defendants' Removal ("Cavallaro Decl.") ¶

6. The Games are played with virtual tokens, called "Gold Coins," which cannot be redeemed for real money and are always available for free. *Id*. Players can also purchase Gold Coins to enhance their experience. *Id*. Players who purchase Gold Coins can receive sweepstakes entries, called "Sweeps Coins," as a bonus. *Id*. Sweeps Coins are also always available for free and can never be purchased. *Id*. Eligible sweepstakes entries (Sweeps Coins) can be redeemed for money or prizes. *Id*. VGW Group ceased offering the Games in Connecticut in October 2024. *Id*. ¶ 7.

9. Among other things, Plaintiff seeks to recover, on behalf of herself and a putative class, all amounts that Connecticut players spent to purchase Gold Coins in the three years preceding the filing of this action, *i.e.*, all Gold Coins purchases in Connecticut from October 15, 2021, to October 15, 2024 (the "Relevant Period"). *See* Am. Compl. ¶¶ 178, 195, 210 (seeking "all money paid . . . to" VGW Group by Connecticut citizens during the three-year limitations period under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b)).

10. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** is a copy of the state court docket sheet, as well as all process, pleadings, and orders filed in the state court case to date.

11. No responsive pleadings have been filed in the state court.

12. This removal is timely because VGW Group filed this notice within 30 days of the filing of the amended complaint, which, for the first time, asserted putative class claims that are subject to removal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2); *see also* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); 28 U.S.C. § 1453 (one-year time limit for removal under § 1446(c)(1) does not apply to removals under CAFA).

13. VGW Group preserves all defenses, including, but not limited to, lack of personal jurisdiction and the right to move to transfer or dismiss the claims pursuant to the mandatory forum selection clauses in VGW Group's terms of service. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

14. A copy of this Notice will be filed with the Connecticut Superior Court, Judicial District of New Haven, and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to CAFA.

16. For purposes of removal, venue is proper in this District and Division because the action is being removed from the Connecticut Superior Court, Judicial District of New Haven. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## REMOVAL IS PROPER UNDER CAFA

17. Removal is proper under 28 U.S.C. §§ 1453(b) and 1332(d)(2). Together, these statutes authorize removal of any (1) "class action" where (2) minimal diversity exists, (3) there are at least 100 putative class members, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(5). These elements are met.

18. *First*, this action is pled as a putative class action. *See* Am. Compl. ¶¶ 1, 178-86.

19. *Second*, CAFA's minimal diversity requirement is satisfied. Plaintiff and every member of the putative class is a Connecticut citizen. *See* Am. Compl. ¶¶ 11, 178. None of the VGW Group entities is incorporated or headquartered in Connecticut. *Id.* ¶¶ 3-6, 18, 20-22; *see also* Cavallaro Decl. ¶¶ 2-4. Thus, there is diversity under both § 1332(d)(2)(A) and § 1332(d)(2)(C).

20.     ***Third***, there were at least 100 players in Connecticut who purchased Gold Coins in the Games during the Relevant Period. *See* Cavallaro Decl. ¶ 9.a.

21.     ***Fourth***, the total amount of Gold Coin purchases made by Connecticut players of the Games during the Relevant Period exceeded $5,000,000. *Id.* ¶ 9.b.

## CONCLUSION

22.     Based on the foregoing, removal is proper under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. By removing this action to this Court, VGW Group reserves and does not waive any defenses, objections, or motions available to them under state or federal law.

WHEREFORE, VGW Group hereby removes this action from the Superior Court of Connecticut, Judicial District of New Haven, to the United States District Court for the District of Connecticut. This Notice has been served on all counsel of record and a notice of removal has been filed with the Superior Court of Connecticut, Judicial District of New Haven.

Dated: March 10, 2026                                    Respectfully submitted,

*/s/ John M. Doroghazi*
John M. Doroghazi (ct28033)
Benjamin H. Diessel (ct30383)
WIGGIN AND DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
jdoroghazi@wiggin.com
bdiessel@wiggin.com

*Attorneys for Defendants VGW Holdings Pty Ltd., VGW Malta Ltd., VGW Luckyland, Inc., VGW GP Ltd., VGW Holdings US, Inc., and VGW US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following via electronic mail and by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 10th day of March 2026:

John Kardaras, Esq.
Law Office of John Kardaras
124 Jefferson St.
Hartford, CT 06106
(203) 627-2494
mariasdad@aol.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　*/s/ John M. Doroghazi*
　　　　　　　　　　　　　　　　　　　　　John M. Doroghazi